IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIO REGINALD ROGERS,            )
                                  )
            Petitioner,            )
                                  )        1:17CV952
      v.                          )        1:06CR120-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.            )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted what he titled as a Motion under Federal Rule of Criminal Procedure 60(b) [Doc. #103]. He seeks to use that Motion to attack the Judgment in his criminal case. However, the rule he cites is a rule defining the rights of victims in criminal cases. It does not allow challenges to criminal judgments. Rule 60(b) of the Rules of Civil Procedure allows for attacks on judgments. Therefore, it appears that Petitioner intends to rely on Civil Rule 60(b) to bring his Motion. Nevertheless, even so considered, his Motion fails because the Rules of Civil Procedure do not apply to criminal cases. In circumstances not present here, motions under Rule 60 of the Rules of Civil Procedure can be used to challenge the denial of a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by attacking a defect in the collateral review process or other non-merit aspect of the ruling on collateral review. However, Petitioner does not raise such a claim, but instead directly attacks his criminal conviction. His current Motion

therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. McRae, 793 F.3d 392 (4th Cir. 2015); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he failed to file his claims on the proper § 2255 forms. See Rules Governing Section 2255 Proceedings Rule 2(b). Moreover, Petitioner already challenged this conviction in a previous § 2255 action, Case No. 1:08CV881. Therefore, the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 200.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 actions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2255 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that Petitioner's "Rule 60(b)" Motion [Doc. #103] be construed as an attempt by Petitioner to file a second or successive § 2255 action.

IT IS FURTHER RECOMMENDED that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

This, the 3rd day of January, 2018.

        /s/ Joi Elizabeth Peake
United States Magistrate Judge

3